UNITED STATES of America,
Plaintiff–Appellee,

v.

George WILLIAMS, Jr., Defendant–
Appellant.

No. 01–30046.
D.C. No. CR–00–5263–JET.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided Jan. 28, 2002.

Before REAVLEY *, B. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM **

George Williams was convicted by jury on one count of being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) & 924(e)(1). Williams appeals the trial judge's denial of his request for a *Daubert* hearing to challenge the admissibility of fingerprint evidence. He also contends his due process rights and right to a fair trial were violated when the prosecutor misrepresented the availability of a Government witness in rebuttal closing argument. Finally, Williams challenges the trial judge's refusal to provide a jury instruction regarding his theory of the case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for retrial.

Williams first contends the district court erred when it assumed the Government's expert testimony regarding fingerprint identification was reliable, and refused to conduct a pretrial hearing regarding its admissibility, or make a determination regarding its reliability. While Williams concedes that the district court was not *required* to conduct a formal *Daubert* hearing on admissibility, he believes that the district court abandoned its gatekeeping function entirely by failing to rule on the reliability of such evidence. He is correct, but on this record we find the error was harmless. *See United States v. Wang*, 49 F.3d 502, 504–05 (9th Cir.1995); *United States v. Derington*, 229 F.3d 1243, 1247 (9th Cir. 2000) ("If, on the record as a whole, consideration by the jury of the evidence for that purpose would not have likely changed its decision, then the error was harmless."). *See also* FED. R. CRIM. P. 52(a).[1]

Next, Williams contends the prosecutor committed misconduct in violation of his due process rights when he represented in closing argument that a witness under subpoena was unavailable when in fact the prosecutor knew the witness was in the courthouse.

We review claims of prosecutorial misconduct for abuse of discretion when the district court denies an objection to closing argument. *See United States v. Etsitty*, 130 F.3d 420, 424 (9th Cir.1997). The defendant must demonstrate that it is "more probable than not that the misconduct materially affected the verdict."

* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9TH CIR. R. 36–3.

1. This finding renders Williams' argument regarding the National Institute of Justice Solicitation moot.

*United States v. Cooper,* 173 F.3d 1192, 1203 (9th Cir.1999).

Even assuming the prosecutor's comments were error, the error was harmless in light of the evidence presented at trial. The jury heard testimony that Williams had the gun on his lap when he left the Colonial Inn. The jury deliberated for under one hour and found him guilty as charged. This was not a close case, and the prosecutor's misrepresentation did not contaminate the trial. The district court's finding that any misconduct on the part of the prosecutor did not affect the verdict in this case is therefore affirmed.

Finally, Williams contends the district court erred in denying a proffered defense instruction that would have covered the defense theory of the case when no other instruction adequately covered such defense. This is the issue which bothers us most on review of this case.

We review de novo whether other instructions adequately cover the defense theory. *See United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir.1990); *United States v. Romero–Avila,* 210 F.3d 1017, 1023 (9th Cir.), *cert. denied,* 531 U.S. 899, 121 S.Ct. 233, 148 L.Ed.2d 167 (2000). The same de novo standard applies to whether the proposed instruction is supported by the law. *See United States v. Medrano,* 5 F.3d 1214, 1218 (9th Cir.1993).

■■■■ "A defendant is entitled to have the judge instruct the jury on his theory of the defense, provided that it is supported by law and has some foundation in the evidence." *United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir.1990). "A failure to give such instruction is reversible error; but it is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory." *Id.*

■■■■ Williams' theory of the defense was dependent on the jury accepting that he momentarily handled his fiancé's ammunition prior to the day of his arrest, and that such transitory handling did not constitute "possession" under the law. Williams' fiancé testified that he had touched the bullets prior to the date of his arrest when he picked them up, handed them to her, and told her to get rid of them. Case law supports the theory that briefly sampling or handling contraband does not constitute constructive possession. *See United States v. Kearns,* 61 F.3d 1422, 1425 (9th Cir.1995); *United States v. Batimana,* 623 F.2d 1366 (9th Cir.1980).

■■■■ In light of his fiancé's testimony, available case law, and the fact that no other instruction covered this defense theory, Williams proposed the following:

> A person is not in possession of something simply because the person momentarily touches or holds the thing or has passing control of it. The person has possession of the thing only if he takes steps to have physical custody of or dominion and control over the thing and has actual control, care, and management of the thing.

The trial court rejected Williams' instruction and instead provided as follows:

> A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it.

This instruction, taken verbatim from Ninth Circuit Model Criminal Jury Instruction 3.16, failed to cover the defense theory on the facts of the case. The district court's refusal to provide the defense instruction, or some variation thereof, was error. The error was compounded by the fact that the Government also relied upon

the theory that the jury would find Williams illegally possessed the ammunition when he momentarily touched the bullets in his fiancé's motel room. Such refusal to instruct on this defense was reversible error.

REVERSED, in Part, AFFIRMED, in Part, and REMANDED.